UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

JORGE PALOMINO,

              Case No.: **1:21-cv-00086-ENV-RLM**

       **Plaintiffs,**

  -against-

EXPERIAN INFORMATION SOLUTIONS, INC.
and ARIZONA PREMIUM FINANCE CO., INC.

       **Defendants.**

-------------------------------------------------------------------X

   WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information, including, but not limited to, trade secrets, confidential research, development, technology or other proprietary information, that they may need to disclose in connection with discovery in this action; WHEREAS, the Parties, through counsel, agree to the following terms; and

   WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

   IT IS HEREBY ORDERED that any person subject to this Order — including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

   1.  With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" or "Attorneys' Eyes" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously un-disclosed net worth and financial information (including tax returns, bank statements, profit/loss statements, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously non-disclosed business plans, service or product-development information, competitively sensitive information, operations manuals, client lists, or marketing plans;

(c) agreements between any of the defendants;

(d) any information of a proprietary, personal or intimate nature; or

(e) any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential or Attorneys' Eyes portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Attorneys' Eyes" by: (a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential or Attorneys' Eyes information

redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Attorneys' Eyes Discovery Material by notifying the reporter and all counsel of record, in writing, within 30 days after the party's receipt of the deposition transcript or notice that the transcript is available for purchase or review, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or "Attorneys' Eyes" when so designated. Counsel cannot simply say at the beginning of the deposition, "everything is confidential," but rather must comply with the above procedure.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as designated..

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the parties, whether retained specifically for this action, or in-house counsel, including any paralegal, clerical, or other assistant or employee that such counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

      (i)      this Court, including any appellate court, its support personnel, and court reporters.

      (j)      present or former employees of the Party in connection with their depositions in this action.

      8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.  No person receiving or reviewing such Confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

      9.      The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

      10.      In filing Confidential or Attorneys' Eyes Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall comply with the individual practice rules of the Magistrate or District Judge assigned to this case dealing with the filing of sealed materials; or if there are no governing individual practice rules then the

Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

12. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Attorneys' Eyes."

13. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded Confidential or Attorneys' Eyes treatment pursuant to this Order.

14. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is an additional substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Attorneys' Eyes."

15. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Attorneys' Eyes," or pursuant to prior Order after notice, any Discovery Material given "Attorneys' Eyes" treatment under this Order, and all deposition testimony that discloses the information designated "Attorneys' Eyes") may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information

for this litigation and who have signed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the Non-Disclosure Agreement in the form annexed as an Exhibit hereto; and

(e) the author of the document or the original source of the information

## 16. CHALLENGING CONFIDENTIALITY DESIGNATIONS

16.1.    <u>Timing of Challenges.</u>   A Party shall have 30 days to challenge a confidentiality designation after the original designation is disclosed.

16.2.    <u>Challenge to Designation</u>.  If a Party contends that a designation of Confidential or Attorneys' Eyes was not proper (the "Challenging Party"), the Challenging Party may give written notice by way of a letter or email to the party designating Discovery Material (the "Designating Party"), stating that it is objecting to the Confidential or Attorneys' Eyes designation. The Designating Party has fourteen (14) days from receipt of such written notice to respond, in writing, to the challenge and state with particularity the grounds for asserting the Confidential or Attorneys' Eyes designation. If no timely response is furnished, the challenged designation shall be void. If the Designating Party or a third party makes a timely response to the objection, the Challenging Party shall promptly (within 3 business days) meet and confer with the Designating Party in a good faith effort to resolve the dispute. If the meet and confer does not

resolve the dispute, the Designating Party has 14 days to apply to the Court to retain the Confidential or Attorneys' Eyesdesignation. The Designating Party has the burden of establishing good cause for the Discovery Material to be treated as Confidential or Attorneys' Eyes. Attorneys' Eyes

  16.3. <u>Treatment of Information While Challenge is Pending.</u> Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Confidential or Attorneys' Eyes, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

  a. the Designating Party withdraws its confidentiality designation in writing;

  b. the Designating Party fails to apply to the Court for an order designating the material Confidential or Attorneys' Eyes within the time period specified above after receipt of a written challenge to such designation; or

  c. the Court decides the material at issue is not subject to protection as confidential.

  17. Recipients of Confidential or Attorneys' Eyes Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

  18. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of

8

disclosure, shall not be deemed a waiver in whole or in part of a party's claim of Confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to which the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential under this Confidentiality Agreement. The definition of "reasonable time" shall be generously construed in the interests of the spirit of this Agreement.

19. Nothing in this Order will prevent any Party from producing any Confidential or Attorneys' Eyes Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

20. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21. To the extent that any Party produces information concerning the identity of any putative class members, the Parties and their counsel warrant and represent that they will make no attempt to contact said putative class members at any time prior to the issuance of an Order from this Court certifying a class pursuant to Fed. R. Civ. P. 23 that includes said putative

class member.

22.     Within 60 days of the final disposition of this action — including all appeals — all recipients of Confidential Discovery Material must either return it — including all copies thereof — to the Producing Party, or, upon permission of the Producing Party, destroy such material — including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material.  Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

23.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

24.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

_____
Roanne L. Mann
Magistrate Judge

10

THE LAW OFFICE OF AHMAD KESHAVARZ

By: _____
Ahmad Keshavarz, Esq.
16 Court Street, 26th Floor
Brooklyn, New York 11241
(347) 308-4859
ahmad@newyorkconsumerattorney.com
*Attorneys for Plaintiff*


CAMBA LEGAL SERVICES, INC.


By: _____
Marisa Menna, Esq.
20 Snyder Avenue
Brooklyn, NY 11226
(347) 525-5072
MarisaM@camba.org
*Attorneys for Plaintiff*


JONES DAY

By: _____
Neil C. Scott
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3693
Email: nscott@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

GORDON REES SCULLY MANSUKHANI

        /s/ Matthew B. Johnson
By: _____
Matthew B. Johnson, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: 212-402-2298
Email: mbjohnson@grsm.com
*Attorneys for Defendant Arizona Premium Finance Co., Inc.*

11

THE LAW OFFICE OF AHMAD
KESHAVARZ

By: _____
Ahmad Keshavarz, Esq.
16 Court Street, 26th Floor
Brooklyn, New York 11241
(347) 308-4859
ahmad@newyorkconsumerattorney.com
*Attorneys for Plaintiff*


CAMBA LEGAL SERVICES, INC.

By: _____
Marisa Menna, Esq.
20 Snyder Avenue
Brooklyn, NY 11226
(347) 525-5072
MarisaM@camba.org
*Attorneys for Plaintiff*


JONES DAY


By: _____
Neil C. Scott
250 Vesey Street
New York, NY 10281
Tel: (212) 326-3693
Email: nscott@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

GORDON REES SCULLY MANSUKHANI


By: _____
Matthew B. Johnson, Esq.
1 Battery Park Plaza, 28th Floor
New York, NY 10004
Tel: 212-402-2298
Email: mbjohnson@grsm.com
*Attorneys for Defendant Arizona Premium Finance Co., Inc.*

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X
**JORGE PALOMINO,**

                                                       **Case No.: 1:21-cv-00086-ENV-RLM**

                      **Plaintiffs,**

    -against-

**EXPERIAN INFORMATION SOLUTIONS, INC.**
**and ARIZONA PREMIUM FINANCE CO., INC.**

                    **Defendants.**
-------------------------------------------------------------------X

**NON-DISCLOSURE AGREEMENT**

      I have been informed by counsel that certain documents, information or things (or portions thereof) to be disclosed to me in connection with the matter entitled Jorge Palomino v. Experian Information Solutions, Inc. and Arizona Premium Finance Co., Inc., filed in the United States District Court, Eastern District of New York, Case No. 1:21-cv-00086-ENV-RLM, have been designated as Confidential. I have been informed that such documents, information or things (or portions thereof) labeled "**CONFIDENTIAL**," "**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER AND CONFIDENTIALITY AGREEEMENT**," or "**ATTORNEYS' EYES**" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Print name: _____

Sign name:_____

Dated:_____

Signed in the presence of:

_____
Attorney for: